The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Good morning and welcome to the Fourth Circuit. Please proceed. Judge Richardson and I are pleased to welcome Judge Nachmanoff to join us today and we look forward to everyone's arguments, so don't disappoint us. And our first case will be Longworth v. Mansukhani, something like that. Ed Al and Mr. Brigato, you're first. Good morning, Your Honors, and may it please the Court, Thomas Brigato for Plaintiff Appellant Justin Longworth. This case is a Bivens action where the Plaintiff, Mr. Longworth, alleges that Defendant Beck, a Federal Bureau of Prisons employee, sexually harassed and sexually abused him, constituting excessive force in violation of the Eighth Amendment to the U.S. Constitution. Mr. Longworth further alleges that the remaining defendants, also Federal Bureau of Prisons employees, knew of this abuse but failed to take steps to halt it and thus were deliberately indifferent to the violation of Mr. Longworth's Eighth Amendment rights. There are two issues presented in this appeal. The first is whether the Federal Tort Claims Act's judgment bar at 28 U.S.C. 2676 requires dismissal of this case, even though the Bivens action was decided before Mr. Longworth's FTCA claim was dismissed. And second, whether on the merits of Bivens claim here is cognizable based on the facts alleged in the amended complaint. Which we would not reach if the FTCA bar applies. Correct, we would not reach the merits if the bar applies. So turning first to the judgment bar issue, the question here is whether a later filed FTCA action that reaches judgment bars an earlier filed Bivens action that already was the subject of a district court judgment. And I think our argument here is relatively straightforward. Our argument is that the judgment bar should not be interpreted to apply retroactively when the Bivens case goes to judgment first. And Congress would have been more express had it designed the judgment bar to apply retroactively. Well, the statute seems to be pretty plain. The judgment in an action under the FTCA shall constitute a complete bar to any action by reason of the same subject matter. It's not time restricted. But it's also not expressly indicating that it's looking backwards to a prior Bivens judgment. Why do you say it's looking backwards? It doesn't naturally look backwards at all. The question is whether the FTCA judgment at time zero bars the appeal today. That's forward looking. That's not backwards. There's a hard question that if you wanted to go back and think about a different case. But here, what it bars is your appeal. And your appeal happened after the FTCA judgment. So help me understand. I understand you want to call it backwards looking. But that seems like the wrong way of even thinking about the question. I don't think it's the wrong way of thinking about the question because the logical implications of the government's argument here is that a prior Bivens judgment, even a favorable one, should not be allowed to stand if the FTCA judgment is entered. That might be a different case. It might have the same implications. But that might have, in a different context, some retroactive effect if we barred an appeal in a different context. But here, it would not have that effect. It has no retroactive effect because they prevail below and your appeal is being stopped. So this is not changing anything that happened before. There's nothing retrospective in effect. I mean, I think the retrospective piece of it would be that it is retrospectively precluding Mr. Longworth from continuing to pursue his appeal of the judgment. So what's your best case that says that you would prevail at this from any circuit? So I think our best case would be some dicta from the Supreme Court on this issue in Simmons v. Himmelreich, footnote 5, where the court says that the judgment bar provision applies when a plaintiff first sues the United States and then sues an employee. And that's consistent with dicta out of the Ninth Circuit in an unpublished decision from this court, all indicating that the judgment bar should apply. What the Supreme Court says is true, but it does apply there. What you want us to read is read into that dicta only, that it only applies in that context. Well, I think what the Supreme Court's doing is describing when it applies and is being pretty exhaustive in describing it in that fashion. What about our decision in Unis v. Cain? That seems to be pretty strongly not in your favor. Yeah, so Unis certainly addresses a similar issue, which is whether when a Bivens… Do you say it's wrong? No, we're not claiming that that decision's wrong on this appeal. All right. What about the Seventh Circuit's opinion in Manning? Again, Manning addresses a similar but distinct issue of whether contemporaneously filed Bivens claims and FTCA claims in the same suit should be barred if the FTCA judgment comes second. It doesn't address the question of a separate Bivens case. Well, counsel, what is the significance of that difference? In other words, in Manning, they were filed together, but the jury returned its verdict on the Bivens case first. The judge took the FTCA case under advisement and then later vacated the judgment in favor of the plaintiff on the Bivens case. But what difference does it make that in this case, the only difference is that the actual actions were filed at different times? I mean, I think the difference is that in this case, there's an actual independent judgment that would have its own claim preclusive effect that should be allowed to stand on its own without being overturned by a subsequent FTCA decision. I think that's the real difference is that there's an independent judgment as opposed to the happenstance of which claim was decided first in a combined lawsuit. Why does the independence matter? I think what you're saying there is that whether it's independent matters. Why is that? And to the extent you can, can you tie it back to the actual statute? What about it is suggesting that to you? Yeah, so again, in terms of the statutory language, our argument is just that Congress would have been more explicit if it wanted to preclude prior actions. But I think our point is as sort of a policy and prudential matter, when a judgment is independently entered, it has full legal force and vitality even if it's appealed. It has claim preclusive effect. And that certainly in that case, Congress would have been more explicit if it wanted an FTCA case to be able to wipe out a prior judgment. So if you were to prevail, then I would think that continuing legal education advice would be always file your bivens first? That would be the strategic decision if we were to prevail, yes. Because we generally don't go in for too much gaming like that. So I would say that there are two items that would address that concern, Your Honor. The first would be the statute of limitations for an FTCA case where an individual has two years to file a claim with an agency and then six months to file litigation after that claim is decided. And then the second, again, as the Supreme Court in that footnote five of Simmons indicated, would be claim preclusion. A decision in the bivens case would, in some instances at least, be claim preclusive of a later FTCA lawsuit. So I think those two items address the possibility of gamesmanship for the most part. So I sort of thought you were going to make a different argument, and I just want to get your take on it. So the Supreme Court said in a variety of different contexts that this judgment bar sort of derives from or has roots in the common law doctrine of res judicata. This comes up in Brownback and Simmons and Will and otherwise. And in that context, the court has then interpreted words like judgment in light of the soil that it comes from, that this word judgment means judgment as we think about it in res judicata terms. You've not really argued, or at least I'm not understanding you to argue that the common law of res judicata suggests that your interpretation is right. You're suggesting just, as you said, sort of a policy prudential argument, not that we should draw some conclusion out of common law and incorporate it into the statute. Well, so the one part of that I would say slightly differently would be we are making a bit of a common law argument by analogy, which is the point I made earlier that the first judgment is typically the one that has claim preclusive effect, not the second. So it's very odd to say, well, actually, we're using the second judgment to have claim preclusive effect to wipe out the first one. So that seems like flatly inconsistent with the common law. The common law seems to say exactly the opposite of that. So like the first restatement of judgments and otherwise suggests that that is not what the common law says. So where would I find the common law that suggests the temporal limitation that you've suggested? That the first judgment is the one with claim preclusive effect? That a – yes. Yeah, that's restatement first of judgments 43, where two actions are pending between the same parties, which are based on the same action or which involve the same issue. It is the first final judgment rendered in one of the actions which becomes conclusive in the other action. And so the premise that you – so walk me through how that helps you. Because the nature of res judicata is we know that the Bivens action doesn't have preclusive effects on the FTCA claims because there's not mutuality, right? I'm not so sure that's correct. I mean the Supreme Court in Simmons again suggested that there would be claim preclusive effects because there's an employer-employee relationship, which is a privity-type relationship. Okay. Except hypothetically for a minute that that's wrong. Okay. And so in that scenario, the restatement first would tell us there's no preclusive effect from the Bivens. But then the statute is telling us that it does run in the other direction. So there's only one judgment here that could have preclusive effect, that being the FTCA judgment by virtue of the judgment bar. So why do we think that there's a first in time and a second in time? There's only one that has preclusive effect here. Yeah, I mean I think that Your Honor is correct if we accept the premise that the first judgment is not in privity and there is no preclusive effect. All right. So then help me go back to the premise of the question or the premise of your point. Can you tell me where I should look to find the idea that a Bivens action, which refers to the acts of an employee, has preclusive effects on action against the employer? Yeah, it's footnote five of Simmons where the court says the judgment bar provision supplements common law preclusion by closing a narrow gap. The time that the FTCA was passed, common law claim preclusion would have barred a plaintiff from suing the United States after having suing an employee, but not vice versa. And then it cites a few provisions of the restatement of judgments. Okay. And so your theory is that because it then bars. So now play that out for me just a second, and you can talk about Bivens if you want to. Why does that matter in your process? Yeah, so it matters because what should have happened would be that the Bivens judgment would be entered. The Bivens judgment would have claimed preclusive effect, and that would be relevant to the disposition of the FTCA case, not the opposite where the FTCA case independently goes to judgment and then wipes out the prior preclusive effect of the Bivens judgment. And did anybody argue here that the FTCA action was subject to preclusion from the Bivens? In the FTCA case, I don't believe so, Your Honor. Okay. But that's the common law argument that you're making. You're not making an independent common law argument from that. Correct. Are there any further questions? Well, do you want to say anything about your second issue? You've got a little time. Sure. So I think on the second issue, the main thing I would emphasize here is the court's decision in fields, which came down after briefing in this case was concluded, which I think is really a quite similar case to this one involving an Eighth Amendment excessive force case, where the court goes through and rejects a number of the very same arguments that the defendant at Belize raised here about the PLRA being an adequate alternative remedy, about the FTCA being an adequate alternative remedy, about other special factors. And I think should the court reach the merits is a very instructive case that is pretty aligned with our case here. So that's what I would suggest on the Bivens piece is that a lot of the briefing has been effectively superseded by that decision. Okay. Anything else? No, thank you. All right. Thank you very much. You've got some rebuttal time. Mr. Silberman, we'll hear from you first. Thank you, Your Honor. My name is Jonathan Silberman. I represent Defendants Garantini, Muschiani, Hout, and Burrell. The judgment bar by its terms is a complete bar to any action by the claimant by reason of the same subject matter. An action is defined in Black's Law Dictionary as a civil or criminal judicial proceeding. And as the Supreme Court has instructed, this is interpreted according to its plain terms, and as the Seventh Circuit noted in Manning, this has no temporal element. In this case, Mr. Longsworth brought a claim under the FDCA about the same allegations against these same parties. That claim has a judgment in it. That judgment acts as a bar. It stops any further proceedings as to the Bivens claim. And it does not matter whether Mr. Longworth filed his Bivens claim before his FDCA claim or he filed his FDCA claim a second, a minute, a year, five years later. So is this, in your view, is this case resolved by the plain language of the statute, or is it more nuanced than that? No, Your Honor. It is the plain language of the statute. It is interpreted according to the plain language, and the plain language says that it is a complete bar to any action. As long as there are steps to take, there is no more to be done. As long as there are steps to take in a different action, the judgment in the FDCA is a cold stop. That's the Bivens claim. On that grounds alone, the district court should be affirmed. In citing otherwise, they cite to Simmons. But Simmons itself notes the oddity in giving emphasis to which claim gets filed first, which actions would get filed first. And Judge Agee, as you pointed out, if the CLEs start teaching that a Bivens claim just has to be filed before the FDCA action by a second or however long, the FDCA judgment bar would be a nullity that could be easily circumscribed by a plaintiff. And in other contexts, Judge Niemeyer and Touchette, and looking at the federal rules, we look to try and get all claims from the same action, from the same transaction occurrence in one legal proceeding. That is generally what the federal rules encourage. To hold otherwise, to split the claims and reward claim splitting, would be to go against the general thrust of the federal rules and what makes the most sense under the federal rules. Again, for that reason alone, the district court judgment should be affirmed. If this court were to reach the Bivens claim, there are a number of reasons. First, this is a new context. There has never been a sexual assault claim or any different sexual assault claim recognized by the Supreme Court, and therefore this is a new context. As to the remedies, there is a variety of remedies available. The alternative remedy program, as they use in this case, the FDCA is available. There's now some language in the compassionate release. U.S. sentencing guidelines that can do it. There are other deterrents on the books. Criminal sanctions come to mind. As to my clients, who are bystanders in this case, the Prison Rape Elimination Act, the regulations enacted under that, require them to report at suspicion, not knowledge. They actually have to report at a lower bar than the Constitution would require, and they face termination if they do not do so. That is a strong reason to report and another reason why Congress has acted in this space. One more thing we'd like to touch on is the Federal Prison Oversight Act. The Federal Prison Oversight Act was passed, I believe it was July of this summer. The Federal Prison Oversight Act is creating an ongoing dialogue between the executive and legislative branch in this area. There will be reports going to Congress. Congress is going to get more information and can enact craft solutions as it sees fit. That is another reason to pause. Your Honor, if— Do you have anything else? Unless there's something else you want to tell us, I think we understand your argument, and we'll be glad to hear from co-counsel. Thank you. Mr. Ballinger, do you have an introduction to make? I do, Your Honor. Thank you. May it please the Court, my name is Scott Ballinger. I'm the Director of the Appellate Litigation Clinic at the University of Virginia School of Law. It's my pleasure to introduce Mr. Frederick Kieser, who will be presenting argument for Ms. Beck. All right, thank you. Mr. Kieser, come on up. Thank you, Your Honors. If I may, I'd first like to address the retroactivity point that Mr. Longworth's counsel raised. Just like Judge Richardson said, we don't believe that the presumption against retroactivity would have any bearing on this case at all. Since he's asking for his judgment to be vacated and remanded for trial, all of which would occur in the future, so that Judge Barr's application would be wholly prospective. Moreover— Do you think that matters? So his response to my position seemed to suggest—and he can take a different one on rebuttal if he likes— seemed to suggest, okay, maybe that's right, but that would also mean, if we interpret it that way, that it does apply retroactively in the Flip case. So imagine that he had prevailed on the Bivens action and gotten monetary judgment on that, and you had brought the appeal. Do you think that that would be a different case, or would the judgment bar not apply there, too? And if so, then doesn't his argument about retroactivity have some import? First, I think that the judgment bar wouldn't apply there because, by its terms, the judgment bar only applies in one direction, in that it bars actions against government employees. So a government employee's appeal itself wouldn't be an action against a government employee. So the judgment bar wouldn't be subject to being triggered there. Okay, help me understand that a little bit. So the story that I've suggested would be he got a money judgment against the employee, and you have filed an appeal here raising whatever claims you want to raise. But in the interim, there's an FTCA judgment. And so in that case, I assume you would argue that that FTCA judgment is a complete bar to his action, that is, to his recovery of any money. And so the Bivens judgment would have to be vacated because there's a complete bar. And that would have the sort of colloquial effect of having a retroactive impact, right? Because it would require vacating a judgment that had been entered. Yes, Your Honor. Sorry, I misunderstood. I wasn't clear. That's not on you. I thought you were getting at the point that it would bar our appeal from the Bivens judgment, which we don't think it could because it only applies to actions against government employees. Totally fair, right? It would not bar your appeal. It would actually be another arrow in your quiver, right? You would come back and say our appeal effectively ought to prevail and you ought to vacate that judgment because there's a complete bar to any action. Yes, Your Honor. And that does have a retroactive feel to it, right? I mean at least in the colloquial sense. Yes. And we agree. But we just believe that Landgraf and its progeny have no bearing on the judgment bar's application in that Manning-like circumstance because the judgment bar was enacted over 70 years ago and Landgraf itself concerns statutes attaching new legal consequences to conduct that occurred before the statute's enactment. Does it matter to you that, you know, when this statute was passed, neither Bivens nor the Westfall Act nor any of the sort of things that have led us here existed? I do not think that it matters because of the strength of the language. Congress used any action. It bars any action against a government employee by reason the same subject matters. So I think it applies equally to Bivens as it did before the enactment of the Westfall Act where it would apply to a state tort law claim against a government employee. And then one other point I wanted to raise on your concerns about its retroactive application. I don't think that there's anything retroactive in the time-honored sense of a court of appeals deciding an appeal according to the law as it exists on appeal. And so, again, I just do not think that there would be any sort of retroactivity kind of problem in that circumstance. And then, Judge Nachmanoff, I wanted to discuss a point that you raised in counsel's opening about that we don't think that there's any reason to treat an action that was filed separately any differently than a contemporaneous claim. And, indeed, the great weight of the case law has suggested that the opposite – that the harder question is whether it applies to claims within an action because one of the judgment bar's purposes is to bar duplicative litigation. So we believe that the fact that Mr. Longworth filed two separate actions makes his claim worse, not better here. Finally, I want to – Go ahead. I'm sorry. I was just going to say how do you address really the policy argument more than the legal argument about the administrability of this? What if there's a judgment at some time – these things all overlapped. But what if there's a judgment at a much earlier time and then the FDCA claim is resolved at a much later time? How do you undo that? How would the court even address that if the plaintiff, for example, had prevailed and won a money judgment that had been paid out, for example? So I think it would depend on the circumstances of when that first Bivens judgment was entered because if it's no longer subject to appeal and it's a truly final judgment, then I don't think the judgment bar applies there because it bars actions, not judgments. But so long as the Bivens judgment is on appeal and it's still an action against a government employee, a Bivens appeal itself is an action by its terms and would prohibit that appeal. Can I ask a slightly different question to go back to the hypothetical? Obviously, it's not the one we've got that Judge Nachmanoff raised where they're both filed – the Bivens and the FDCA action are both filed in the same action, so they're in the same complaint. Can you help me understand how, given the language here, if we had that, which we don't, the bar would apply? Because in a sense, it says there's a complete bar to any action, but there we have two claims and one action. But the FDCA's language goes on to talk about – bars any action by the claimant by reason of the same subject matter against the employee of the government whose act or omission gave rise to the claim. How would you interpret the statute in that context where they're both filed in the same action? Yes, I think you're getting at the point that maybe you're talking about what Justice Sotomayor raised in her concurrence in Brownback about the kind of consistent argument that it doesn't apply to claims, but it would apply to separate actions. And I know that the Manning Court and a lot of different courts have talked about it applying to contemporaneous claims because an action's definition in and of itself includes claims, and so it's kind of like because it covers – the larger would have to cover the smaller. And I think that that is the unanimous position and the one that this court took in Unis itself where it barred the appeal of two dismissed Bivens claims because of a subsequent FDCA – or kind of subsequent – a summary judgment being granted on the FTCA claim. And were they – in Unis, were they all in the same complaint, the same broad action? Yes. Finally, I wanted to discuss their independence argument about the judgments. I think it misses the point here because they're asking for the judgment to be vacated itself, and so the whole idea that there would be a judgment having claim preclusive effect I don't think would apply since the judgment would be vacated – or he's asking the judgment to be vacated. And also Simmons itself, the holding is that the plain text of the judgment – or the plain text of the FTCA controls, and so I think even in the hypothetical you were talking about where if it were to restate or incorporate claim preclusion principles, we know from Simmons' core holding that it's the plain text of the FTCA that controls. And it only went on to address that extra argument by pointing out that a reading that ignored the text would diverge from the common law. But we know that the plain text would control in either situation. All right. Got anything else for us? I think that covers it. Thank you, Your Honor. All right. Thank you very much. Mr. Rigato, you've got some rebuttal time. So just a couple of points to raise on rebuttal, Your Honors. The first is there were concerns raised regarding claim splitting by opposing counsel. There's a solution to that. It's the doctrine that prohibits claim splitting and allows a district court to dismiss a case if claims have been split. So to address that, there's no need to invoke the FTCA's judgment bar. The second item I'd like to address is a comment made by Judge Richardson about whether it matters that Bivens was subsequently decided long after the FTCA judgment bar was enacted. And I think the answer to that question is yes. And I would point to this court's decision in Fields and the Supreme Court's decision in Carlson, which talk about amendments to the FTCA in 1974 to allow both a Bivens claim and an FTCA claim to proceed in complementary fashion. So, you know, an argument can be made that Congress— Do you think that, like, implicitly overruled the judgment bar language? I think— That argument you're making? I don't know that we're going that far. I think we would argue that the judgment bar—it supports our interpretation of the judgment bar as not applying retroactively. And, you know, Congress— Why would that help you? I mean, the judgment bar is what it is, but why would we think, like, a separate amendment in a different context, like, whatever it was, 30 years later, sheds light on what the meaning of a statute enacted in 1946 is? I know some people think that, like, the law just evolves as it goes. But, like, we do tend to think about what the statute meant when it was passed, right? And it may have unusual applications, right? That's an issue that comes up regularly. But we don't typically think about, you know, sort of the language of a different statutory provision 30 years later as changing or influencing the meaning of a statute that has been on the books for 30 years, do we? I mean, typically not, and I think that's a fair point. And I guess, you know, one would have to make an argument that Congress did implicitly allow for a Bivens claim and an FTCA claim to proceed simultaneously, even though it didn't express the amendment judgment bar. It could—it certainly could allow them to proceed simultaneously, but that doesn't preclude there being a judgment bar for when one is issued or not, right? I mean, those are—those two ideas are not in conflict, I guess, is my point. Their intention, but they're not in direct conflict. Any further questions on the judgment bar issue, Your Honors? No, thank you. We appreciate it very much. We will come down and greet counsel, and then we'll move on to our next case.
judges: G. Steven Agee, Julius N. Richardson, Michael Stefan Nachmanoff